```
                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION
```

DORA J. VAJNER,                )
                               )
        Plaintiff              )
                               )
        v.                     )    Case No. 2:09-cv-245
                               )
CITY OF LAKE STATION, INDIANA, )
                               )
        Defendant              )

## OPINION AND ORDER

This matter is before the court on the Motion for Extension of Time to Respond to Discovery [DE 17] filed by the defendant, City of Lake Station, Indiana, on July 6, 2010; the Motion for Protective Order [DE 18] filed by the defendant on July 8, 2010; the Supplement to Defendant's Motion for Protective Order and Request for Extension of Time to Respond to Discovery [DE 19] filed by the defendant on July 9, 2010; and the Motion to Modify Scheduling Order [DE 23] filed by the plaintiff, Dora J. Vajner, on September 30, 2010. For the reasons set forth below, the Motion for Protective Order [DE 18] is GRANTED. Furthermore, in light of the lack of opposition, the Motion for Extension of Time to Respond to Discovery [DE 17], the Supplement to Defendant's Motion for Protective Order and Request for Extension of Time to Respond to Discovery [DE 19], and the Motion to Modify Scheduling

Order [DE 23] are GRANTED.  The parties are DIRECTED to complete discovery by November 30, 2010.

## Background

The plaintiff, Dora J. Vajner, was hired by the defendant, City of Lake Station, in 1984. For the majority of her nearly 24 year tenure with Lake Station, Vajner served as second-in-command in the Office of the Clerk-Treasurer. On January 1, 2008, Brenda Samuels took office as the Clerk-Treasurer for Lake Station. One day later, on January 2, 2008, Vajner was released from her position and later replaced by a younger individual. Vajner believes her termination was motivated by her age and political affiliation. Consequently, on August 17, 2009, Vajner filed suit alleging wrongful discharge for political reasons and for age discrimination in violation of her civil rights.

The present dispute concerns the scope of discovery. Vajner seeks information regarding the employment practices, statistical and departmental characteristics, and history of grievances and EEOC charges for Lake Station for her entire employment tenure. Lake Station opposes the discovery requests on grounds of relevancy and undue burden.  Lake Station moves this court for a protective order limiting the areas of Vajner's discovery in two ways: (1) to the Office of the Clerk-Treasurer; and (2) to the period of time Samuels was in office.

## Discussion

Parties are entitled to conduct discovery on any matter that is "relevant to any party's claim or defense." See Federal Rule of Civil Procedure 26(b)(1). Under the Federal Rules, relevancy in discovery includes information that itself may not be admissible, provided that "discovery appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1); Chavez v. Daimler Chrysler Corp., 206 F.R.D. 615, 619 (S.D. Ind. 2002). In the context of employment discrimination cases, the scope of discovery is particularly broad because "an employer's general practices are relevant even when a plaintiff is asserting an individual claim for disparate treatment." Gomez v. Martin Marietta Corp., 50 F.3d 1511, 1520 (10th Cir. 1995) (citing Scales v. J.C. Bradford & Co., 925 F.2d 901, 906 (6th Cir. 1991)). Thus, a plaintiff may be allowed extensive discovery in order to prove her case. See Saltzman v. Fullerton Metals Co., 661 F.2d 647, 654 (7th Cir. 1981)(directing the district court to take a liberal approach to addressing the discovery request for personnel records).

The decision to allow broad discovery, however, is not without limits. District courts are granted broad discretion when reviewing a discovery dispute and "should independently determine the proper course of discovery based upon the arguments of the

parties." Gile v. United Airlines Inc., 95 F.3d 492, 496 (7th Cir. 1996) (citing Spears v. City of Indianapolis, 74 F.3d 153, 158 (7th Cir. 1996)).  See Crawford-El v. Britton, 523 U.S. 574, 599, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) (noting the broad discretion granted to district courts in reviewing discovery disputes); Chavez, 206 F.R.D. at 619-20 ("[C]ourts must set reasonable boundaries on the type of discovery permissible . . . when such a 'pattern of discrimination' theory is propounded."). Provided the discovery sought appears facially relevant, the party resisting discovery carries the burden to establish the lack of relevance by demonstrating that the requested discovery either does not come within the scope of relevance as defined by the Federal Rules or the likelihood of discovering relevant evidence is so minimal that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. See Sanyo Laser Prods. v. Arista Records, Inc., 214 F.R.D. 496, 498-99 (S.D. Ind. 2003); Chavez, 206 F.R.D. at 619-20.  See also Menendez v. Wal-Mart Stores East L.P., 2010 U.S. Dist. LEXIS 79710, *4-5 (N.D. Ind. June 15, 2010). The objecting party must demonstrate with specificity that the request is improper by establishing specific facts or reasons the discovery sought falls outside the minimal relevancy standard of the Federal Rules. Graham v. Casey's Gen'l Stores, 206 F.R.D.

251, 254 (S.D. Ind. 2002); Wauchop v. Domino's Pizza, Inc., 138 F.R.D. 539, 544-546 (N.D. Ind. 1991) ("To meet its burden, the party objecting to discovery must 'specifically detail the reasons why each [request] is irrelevant . . . .'") (quoting Schaap v. Executive Industries, Inc., 130 F.R.D. 384, 387 (N.D. Ill. 1990)). On the other hand, when the request is overly broad on its face, or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request. See Sanyo, 214 F.R.D. at 498-99; Chavez, 206 F.R.D at 619-20; Menendez, 2010 U.S. Dist. LEXIS at *4-5.

A party may move for a protective order in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Rule 26(c)(1). The party requesting the protective order carries the burden of demonstrating good cause and can satisfy that burden by showing an adequate reason for the order. 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §2035 (3d ed. 1998). See also Gregg v. Local 305 IBEW, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009) ("The burden rests upon the objecting party to show why a particular discovery request is improper." (citing Kodish v. Oakbrook Terrace Fire Protection Dist., 235 F.R.D. 447, 449-50 (N.D. Ill. 2006)); McGrath v. Everest National Insurance Co., 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009); Carlson Restaurants

Worldwide, Inc. v. Hammond Professional Cleaning Services, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009)).  Specific factual demonstrations are required to establish that a particular discovery request is improper and that good cause exists for issuing the order.  See Felling v. Knight, 211 F.R.D. 552, 554 (S.D. Ind. 2003) ("To establish good cause a party must submit 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'") (quoting Wilson v. Olathe Bank, 184 F.R.D. 395, 397 (D. Kan. 1999)) (quoting Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981)).  See also Harrisonville Telephone Co. v. Ill. Commerce Comm'n, 472 F.Supp.2d 1071, 1078 (S.D. Ill. 2006) (stating that in order to establish good cause, the movant must rely on particular and specific demonstrations of fact, rather than conclusory statements).

Lake Station first argues that Vajner's discovery requests are overbroad and unduly burdensome because the Clerk-Treasurer has sole discretion regarding employment decisions within her department and no authority for employment decisions with respect to any other aspect of the municipality.  Therefore, that office should be treated as an entity separate from Lake Station as a whole.

In the context of employment discrimination suits, courts in this circuit, as well as the other circuits, typically have limited discovery to a particular department where those responsible for the adverse employment actions primarily were confined to that department. See, e.g., Brunker v. Schwan's Home Service, Inc., 583 F.3d 1004, 1010 (7th Cir. 2009) (upholding magistrate judge's denial of discovery requests regarding discrimination from supervisors who were not involved with plaintiff's termination); Little v. Illinois Dept. of Revenue, 369 F.3d 1007, 1011-12 (7th Cir. 2004) (holding that evidence of discipline by a supervisor not involved in the adverse employment decision "sheds no light" on plaintiff's discrimination claim); Sommerfield v. City of Chicago, 613 F.Supp.2d 1004, 1008-09, 1017 (N.D. Ill. 2009) (limiting discovery to a particular police district where officers responsible were in that district and discipline decisions were decentralized).  See e.g., Semple v. Federal Express Corp., 566 F.3d 788, 794 (8th Cir. 2009) (limiting discovery where local branch terminated plaintiff and management outside district only was involved in reviewing internal appeals); Rubinstein v. Administrators of Tulane Educ. Fund, 218 F.3d 392, 398 (5th Cir. 2000) (limiting discovery to department where the employment decisions were made within department and where school-wide tenure committee review was "highly deferential").

This is especially true where the alleged discrimination involves an individual or isolated claim. See Earley v. Champion Int'l Corp., 907 F.2d 1077, 1084 (11th Cir. 1990) ("In the context of investigating an individual complaint the most natural focus is upon the source of the complained of discrimination - the employing unit or work unit." (quoting Marshall v. Westinghouse Elec. Corp., 576 F.2d 588, 592 (5th Cir.1978))). The rationale behind such a limitation is that only the motive of the supervisors who made the employment decisions affecting the plaintiff and other employees similarly situated are relevant to determining whether the particular employment decision at issue was improper. See Owens v. Sprint/United Management Company, 221 F.R.D. 649, 653-655 (D. Kan. 2004).

Because the ultimate inquiry in this employment discrimination suit will turn upon how Vajner was treated relative to similarly situated employees, information regarding employees in different departments with different supervisors, performance expectations, and qualifications is irrelevant to whether her termination was unlawful. See Byers v. Ill. State Police, 2002 WL 1264004, *6 (N.D. Ill. June 3, 2002) ("Generally, a plaintiff alleging disparate treatment is not entitled to company-wide discovery absent a showing of a particular need and relevance of the requested information."). See also Carman v. McDonnell

Douglas Corp., 114 F.3d 790, 792 (8th Cir. 1997) (noting that if the employment decision was made locally that a court properly limits discovery to the plaintiff's particular work unit); but see Stimeling v. Board of Education Peoria Public Schools District 150, 2010 WL 375337 (C.D. Ill. 2010) (refusing to limit discovery to a particular department where the plaintiff alleged district-wide discrimination and adverse employment actions were not taken primarily by individuals in any one department).

The discovery sought by Vajner would encompass anyone employed by Lake Station without regard to whether she occupied a similar position, shared the same immediate supervisor, or shared the same final decision-maker. Vajner's request presumably would include employees in the police department, fire department, parks department, public works department, building department, and waste management department, all of whom have duties, supervisors, and responsibilities markedly different from Vajner's. Consequently, such information would not shed light on whether Vajner's termination was unlawful. Therefore, Vajner's discovery requests seeking information pertaining to departments other than the Clerk-Treasurer's office are overly broad and seek information that is not relevant nor reasonably calculated to lead to the discovery of relevant evidence. Thus, the scope of Vajner's discovery is limited to the Clerk-Treasurer's office.

Although Vajner is correct that evidence of other acts of discrimination by Lake Station is relevant to establish pretext, see McDonnell Douglas v. Green, 411 U.S. 792, 804-05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the fact she is entitled to discovery regarding other acts of discrimination does not necessarily mean she is entitled to city-wide discovery on that issue. Like any discovery request, the discovery of prior discrimination complaints, employment records, reports and statistics regarding the defendant must be tailored to the legal issues involved in the particular case. In this case, the information that Vajner seeks would not shed light on whether Samuel's decision to fire her was discriminatory. Therefore, Lake Station's motion for a protective order is GRANTED. Lake Station is DIRECTED to produce only the requested discovery that pertains to the Clerk-Treasurer department of the City.

The City also objects to the temporal scope of Vajner's discovery requests, which seek information pertaining to the entire tenure of her employment, a period of nearly 24 years. Vajner responds that she merely seeks information "for the time period that plaintiff was the second-in-command in the Clerk-Treasurer's office." (Pltf. Res. To Deft. Mot. for Prot. Ord. at p.2) In determining the appropriate time frame for discovery in employment discrimination suits, courts generally tailor discov-

ery requests to encompass a "reasonable time period" both before and after the discriminatory event being alleged. See, e.g., Miles v. Boeing Co., 154 F.R.D. 117, 119-20 (E.D. Pa. 1994) (finding temporal discovery period of several months before and two years after alleged discrimination "reasonable"); Finch v. Hercules Inc., 149 F.R.D. 60, 64 (D. Del. 1993) (limiting temporal scope of discovery to two years immediately preceding employee's termination); Smith v. Community Federal Savings & Loan Ass'n, 77 F.R.D. 668, 671 (N.D. Miss. 1977) (finding temporal scope of 16 years too long). The purpose of granting a plaintiff time both before and after the alleged event is to allow the plaintiff an opportunity to establish a "pattern of discrimination" of which she may have been a part. That said, while a plaintiff is allowed a reasonable time to establish a pattern of discrimination, the relevant time period does not necessarily encompass the entire employment tenure of the employee in question. Rather, the issue is phrased in terms of a reasonable time relative to the alleged discriminatory event. See Miles, 154 F.R.D at 119-20 ("[T]he scope of discovery is commonly extended to a reasonable number of years prior to [and] after the alleged discrimination.").

To that end, courts in this circuit generally have limited discovery in employment discrimination cases to a period of three

to five years, with some courts extending the bounds a bit further. See, e.g., Wilson v. Kautex, 2008 WL 162645, *6 (N.D. Ind. Jan. 14, 2008) (finding that a limit of five years "should sufficiently provide [plaintiff] with relevant information without unduly burdening [defendant]"); Johnson v. Jung, 2007 WL 1752608 (N.D. Ill. June 14, 2007) (finding discovery must be limited to the "time frame involving the alleged discriminatory conduct"); Byers v. Ill. State Police, 2002 WL 1264004, *2-3 (N.D. Ill. June 3, 2002) (limiting discovery to five year period); Tomanovich v. Glen, 2002 WL 1858795, *2, 5 (S.D. Ind. Aug. 13, 2002) (finding that a "time period of five years is reasonable and appropriate"); Leibforth v. Belvidere, 2001 WL 649596, *2 (N.D. Ill. June 8, 2001) (limiting discovery to "five years preceding the alleged discriminatory act").

Indiana law confers upon the Clerk-Treasurer of Lake Station the authority to "appoint the number of . . . employees needed for effective operation of the office, with the approval of the city legislative body." See Ind. Code Ann. §36-4-10-7(b). Indiana law further provides that "the clerk's . . . employees serve at the clerk's pleasure." Id. Because the Clerk-Treasurer is the sole individual with authority to terminate employees within the office, this establishes the parameters of the temporal scope as well. Employment decisions made by any clerk before or after

Samuels made the challenged decision would be irrelevant as to whether Samuels discriminated against Vajner. The same reason that compels courts to limit the scope of discovery to specific employing units applies equally to the temporal scope of discovery in the litigation at issue here. Consequently, as applied to the specific facts of this case, the appropriate scope must be limited to the tenure of Samuels, the Clerk-Treasurer who made the allegedly discriminatory firing decision.

Thus, while a temporal scope of a few years before and after Vajner's termination might appear reasonable, Samuels has served only from January 1, 2008, to the present. Given that Samuels served only one day in office prior to terminating Vajner, most if not all of the information Vajner would discover in the time period prior to her termination would be irrelevant. Any information discovered regarding Clerk-Treasurers serving before or after Samuels would shed no light on whether Samuels' decision for firing Vajner was unlawful. That said, Vajner is entitled to a reasonable period of time to attempt to establish a pattern of discrimination under Samuels' tenure as Clerk-Treasurer. Therefore, the scope of Vajner's discovery requests is more appropriately limited to the time period from January 1, 2008, to the present. The City of Lake Station is DIRECTED to produce only the requested discovery within this time period. Insofar as the

13

City requested temporal limits from January 1, 2008, to the present, the motion for protective order is GRANTED.

_____

Based on the foregoing, the Motion for Protective Order [DE 18] filed by the defendant, City of Lake Station, Indiana, on July 8, 2010, is GRANTED. Furthermore, in light of the lack of opposition, the Motion for Extension of Time to Respond to Discovery [DE 17] filed by the defendant on July 6, 2010, the Supplement to Defendant's Motion for Protective Order and Request for Extension of Time to Respond to Discovery [DE 19] filed by the defendant on July 9, 2010, and the Motion to Modify Scheduling Order [DE 23] filed by the plaintiff, Dora J. Vajner, on September 30, 2010, are GRANTED. The parties are DIRECTED to complete discovery by November 30, 2010.

ENTERED this 18th day of October, 2010

s/ Andrew P. Rodovich
United States Magistrate Judge